## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
## HARRISONBURG DIVISION

| | |
|---|---|
| TOBY WAYNE SNYDER, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) Civil Action No. 5:11cv70336 |
| v. | ) |
| | ) |
| HOME DEPOT U.S.A., INC., et al. | ) |
| | ) |
|     Defendants. | ) |

### MEMORANDUM OPINION

Plaintiff Toby Wayne Snyder, proceeding pro se, filed this action against defendants

Home Depot and Michael McBride on June 27, 2011, bringing assault, battery and defamation

claims arising from an alleged physical altercation on December 6, 2008.  This matter is

currently before the court on defendants' motion to dismiss.  On August 18, 2011, defendants

filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), asserting that

plaintiff failed to name the correct corporate entity, failed to sufficiently plead a defamation

claim and that all plaintiff's claims are time-barred.  Because plaintiff is proceeding pro se, the

court issued an order on August 19, 2011, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th

Cir. 1975), advising plaintiff of the defendants' motion to dismiss.  Plaintiff has filed a timely

response to defendants' motion to dismiss and has also filed a motion to amend his complaint to

correct the name of defendant Home Depot. [1]   Based on the written submissions, the Court finds

---

[1]   Plaintiff initially brought suit against "Home Depot."  However, apparently, that defendant's corporate name is "Home Depot U.S.A., Inc."  Thus, plaintiff filed a motion to amend requesting to "change one of the names in my suit from Home Depot to Home-Depot, USA, INC."  (Dkt. # 13.)  Thereafter, defendants filed an opposition to plaintiff's motion to amend stating that while defendants do not object to plaintiff amending his complaint to identify the correct corporate entity, defendants do object to any amendment naming "Home-Depot, USA, INC." which "does not exist."  (Dkt. # 15, p. 1.)  The court will grant the plaintiff's motion to amend, in part, and will amend the complaint to name the correct corporate entity as specified by the defendants.  Accordingly, the complaint is hereby amended to name "Home Depot U.S.A., Inc." as the proper party defendant, instead of "Home Depot."

that oral argument would not aid the court's adjudication.  Accordingly, this matter is now ripe

for judicial determination, and for the reasons explained below, defendants' motion to dismiss

will be granted.

## I

Plaintiff's complaint alleges that that he was "physically attacked" by defendant McBride

on December 6, 2008, stating he was "attacked, assaulted and thrown around the store like an

animal." (Dkt. # 1, p. 1.)  The complaint indicates that McBride is "Quality Control Personnel"

and "not a police officer" and plaintiff further states "I did not have anything in my possession

on that day." (Dkt. # 1, p. 1.)  Plaintiff alleges injuries resulting from this incident, including

damage to his left knee and left shoulder.  Finally, plaintiff alleges that Mr. McBride

"misrepresented [his] character" on the day of the alleged attack.  (Dkt. # 1, p. 1.)

Defendants argue that all of plaintiff's claims are time-barred and further state that the

complaint lacks the factual specificity required to properly allege a defamation claim.

## II

Although pleadings filed by a pro se party must be "liberally construed," Erickson v.

Pardus, 551 U.S. 89, 94 (2007) (internal quotations and citations omitted), under Federal Rule of

Civil Procedure 12(b)(6), a complaint will be dismissed if "it appears certain that [plaintiff] can

prove no set of facts that would  support his claim and would entitle him to relief." Smith v.

Sydnor, 184 F.3d 356, 361 (4th Cir. 1999). The court must accept all of the complaint's well-

pleaded allegations and view them in a light most favorable to the plaintiff.  Id.  However, this

requirement applies to facts alone and not to legal conclusions. Ashcroft v. Iqbal, 129 S. Ct.

1937, 1949 (2009). In addition, "where the well-pleaded facts do not permit the court to infer

more than the mere possibility of misconduct, the complaint has alleged – but it has not shown –

that the pleader is entitled to relief." Id. at 1950 (internal quotation marks omitted). "Factual allegations must be enough to raise a right of relief above the speculative level, on the assumption that all of the allegations in the complaint are true." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 129 S. Ct. at 1949. Rather, "only a complaint that states a plausible claim for relief survives a motion to dismiss." Id. at 1950.

Plaintiff's allegation of assault and battery must be dismissed because it is untimely. The complaint alleges the incident took place on December 6, 2008, but suit was not filed until June 27, 2011, outside of the two-year statute of limitations for assault and personal injury.[2] Va. Code Ann. § 8.01-243. Under Virginia law, a cause of action for assault accrues when the alleged assault occurs. Va. Code Ann. § 8.01-230. Plaintiff attempts to avoid the limitations period by arguing that he was incarcerated shortly after the alleged incident. However, the statute of limitations is not tolled simply because the plaintiff was incarcerated. See Almond v. Kent, 459 F.2d 200, 203 (4th Cir. 1972) (holding that in Virginia, the statute of limitations is not tolled during a plaintiff's period of incarceration). Accordingly, plaintiff's assault and battery claim is barred by the applicable two-year statute of limitations and will be dismissed.

Likewise, plaintiff's allegation of defamation must be dismissed because it is untimely. The limitations period for a defamation claim is one year, which begins to run when the alleged defamatory statement is made. See Va. Code Ann. §§ 8.01-230, -247.1; see also Brown v. Am. Broad. Co., 704 F.2d 1296, 1300 (4th Cir. 1983). Plaintiff alleges that defendant McBride

---

[2]  With jurisdiction based upon diversity of citizenship, the court must look to Virginia law for a determination of both the applicable statute of limitations and the time at which a claim accrues under the applicable statute. Brown v. American Broadcasting Co., 704 F.2d 1296, 1299 (4th Cir. 1983) (citing Ragan v. Merchants Transfer and Warehouse Co., 337 U.S. 530 (1949)).

"misrepresented [his] character" on the day of the alleged attack, which occurred on December 6, 2008. (Dkt. # 1, p. 1.) However, plaintiff did not file his lawsuit until June 2011, approximately two and a half years after the alleged incident and clearly beyond the one year statute of limitations.

Moreover, plaintiff fails to state a claim for defamation. Defamation is the intentional publication of a false statement with the tendency to harm the plaintiff's reputation. Chapin v. Knight-Ridder, Inc., 993 F.2d 1087, 1092 (4th Cir. 1993); see also Jordan v. Kollman, 269 Va. 569, 575, 612 S.E.2d 203, 206 (2005) (a defamation claim under Virginia law requires publication of an actionable statement with the required intent); Fleming v. Moore, 221 Va. 884, 889, 275 S.E.2d 632, 635 (1981) (noting that "Virginia makes no distinction between actions for libel and those for slander"). Further, the pleading standard for a defamation claim under Virginia law requires that plaintiff set out the exact words spoken or written. Fuste v. Riverside Healthcare Ass'n Inc., 265 Va. 127, 134, 575 S.E.2d 858, 862 (2003). In this case, the plaintiff merely alleges that defendant McBride "misrepresented [his] character." (Dkt. # 1, p. 1.) Thus, plaintiff does not provide the exact words alleged to be defamatory; indeed, plaintiff does not even paraphrase an allegedly defamatory statement. Thus, the alleged defamation took place outside the one-year limitations period and plaintiff also fails to provide the level of particularity required for a defamation action. Accordingly, plaintiff's defamation claim will be dismissed.

**III**

As set out above, a review of the record indicates that that plaintiff's motion to amend should be granted, in part, and the complaint should be amended to name "Home Depot U.S.A., Inc." as the proper party defendant, instead of "Home Depot." The record further indicates that

defendants' motion to dismiss should be granted and the plaintiff's complaint should be dismissed for failure to state a claim upon which relief may be granted.

For these reasons, the plaintiff's motion to amend (Dkt. # 13) is **GRANTED in part** and defendants' motion to dismiss (Dkt. # 8) is **GRANTED** and plaintiff's complaint is dismissed without prejudice for failure to state a claim upon which relief may be granted.

The Clerk is directed to send a copy of this Memorandum Opinion and accompanying Order to plaintiff and all counsel of record.

Entered:  September 14, 2011

/s/ Michael F. Urbanski

Michael F. Urbanski
United States District Judge