IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| TOBY WAYNE SNYDER, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) Civil Action No. 5:11cv70336 |
| v. | ) |
| | ) |
| HOME DEPOT U.S.A., INC., et al. | ) |
| | ) |
|     Defendants. | ) |

## MEMORANDUM OPINION

This matter is before the court on what has been docketed as plaintiff's Motion for Extension of Time to File an Appeal, which will be construed by the court as a motion to alter judgment pursuant to Federal Rule of Civil Procedure 59(e) (Dkt. #18).  For the reasons set forth below, the motion is **DENIED**.

### I

Plaintiff Toby Wayne Snyder, a Maryland inmate proceeding pro se, filed this action against defendants Home Depot U.S.A., Inc. and Michael McBride on June 27, 2011 in the United States District Court for the Eastern District of Virginia.  Because venue was not proper, the case was transferred to the United States District Court for the Western District of Virginia by Order dated July 8, 2011.  The court granted Snyder's Application to Proceed in Forma Pauperis on August 10, 2011.

Snyder raises claims of assault, battery and defamation arising out of an alleged physical altercation on December 6, 2008.  Specifically, Snyder asserts that he was "physically attacked by Quality Control Personnel Michael McBride" at a Winchester, Virginia Home Depot store.

Snyder also claims that McBride "misrepresented [his] character" on the date of the alleged attack.  Snyder seeks $500,000 in damages for his injuries.  (Dkt. #1.)

Defendants filed a motion to dismiss this case pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing Snyder failed to sufficiently plead a defamation claim and that all of plaintiff's claims are time-barred.  The Clerk issued plaintiff a Roseboro notice on August 19, 2011, and plaintiff filed a timely response to defendants' motion to dismiss.  The court dismissed this action without prejudice by Memorandum Opinion and Order dated September 14, 2011.

On October 3, 2011, the court received a letter from Snyder asking for an extension of time to appeal the dismissal of his claim.  This letter was docketed as Docket #18.  Along with this letter, Snyder provided two pages of a Criminal Investigation Report Supplement, a letter from the Winchester Circuit Court dated May 23, 2011, and a document he titled "Response to Statute of Limitations."  In this Response to Statute of Limitations, Snyder asserts that he attempted to file suit in a timely manner but was unable to do so and that he is now looking for an attorney to assist him.  Snyder asks that the court "allow this case to move forward and be heard by a Judge and/or Jury."  (Dkt. #18, Ex. 1 at 4.)  Because it was filed within 28 days after the entry of judgment, the court will construe the document filed as Docket #18 and its attachments, collectively, as a motion to alter judgment pursuant to Rule 59(e).  Dove v. CODESCO, 569 F.2d 807, 809 (4th Cir. 1978) ("[I]f a post-judgment motion is filed within ten days of the entry of judgment and calls into question the correctness of that judgment it should be treated as a motion under Rule 59(e), however it may be formally styled." [1]); see also MLC Automotive, LLC v. Town of Southern Pines, 532 F.3d 269, 277-78 (4th Cir. 2008) (noting CODESCO continues to apply notwithstanding the amendment to Federal Rule of Appellate Procedure 4).

---

[1]  Post-CODESCO, Rule 59(e) was amended to allow 28 days to file such a motion.

II

"'[R]econsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly.'" Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998) (quoting 11 Charles Alan Wright et al., Federal Practice & Procedure § 2810.1, at 124 (2d ed. 1995)).  Although Rule 59(e) does not set forth the standard under which a district court may amend an earlier judgment, the Fourth Circuit has outlined three grounds for doing so: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice.  Hutchinson v. Staton, 994 F.2d 1076, 1081 (4th Cir. 1993).  A Rule 59(e) motion may not be used to raise arguments that could have been raised prior to entry of the judgment or to argue a case under a new legal theory the party had the ability to address in the first place.  Pac. Ins. Co., 148 F.3d at 403.  "[M]ere disagreement" with a court's ruling does not support a Rule 59(e) motion.  Hutchinson, 994 F.2d at 1081.  Parties should not use Rule 59(e) motions to "rehash" arguments previously presented, Wadley v. Park at Landmark, LP, No. 1:06cv777, 2007 WL 1071960, at *2 (E.D. Va. Mar. 30, 2007), as the purpose of a Rule 59(e) motion is not to give "an unhappy litigant one additional chance to sway the judge."  Durkin v. Taylor, 444 F. Supp. 879, 889 (E.D. Va. 1977).

III

In support of his motion to alter judgment, Snyder argues that if his claims are time-barred, it is by no fault of his own.  Snyder asserts that he has documents from Winchester Circuit Court that show he "did attempt to file a civil lawsuit in a timely manner and was told that they did not handle that type of case" and that he should get an attorney.  (Dkt. #18, Ex. 1 at 4.)  He claims to have "stated since day one of the police investigation that [he] was assaulted by

Michael McBride and that [he] intended to take action against Home Depot and [i]t clearly states that in the police report." (Dkt. #18, Ex. 1 at 4.) Snyder asserts that his attempts to file suit have been hindered by his incarceration and that he was given the "run-around and no co-operation from the Court System or the Police Department of Winchester City." (Dkt. #18, Ex. 1 at 4.) Notwithstanding the statutes of limitations, he asks the court to allow his case to proceed.

Plaintiff fails to set forth proper grounds for reconsideration of the court's September 14, 2011 dismissal order pursuant to Rule 59(e). He does not claim that there has been an intervening change in law or that he has discovered new evidence that was previously unavailable to him. At best his motion could be read as a request to correct a clear error of law or prevent manifest injustice, although he makes no specific argument in this regard. The court has considered whether there is any such basis for altering its prior judgment and finds no error of law or manifest injustice here.

In cases where jurisdiction is based on diversity of citizenship,[2] "the court must look to Virginia law for a determination of both the applicable statute of limitations and the time at which a claim accrues under the applicable statute." Brown v. Am. Broadcasting Co., 704 F.2d

---

[2] It is not even clear the court has subject matter jurisdiction over this case. While the issue of subject matter jurisdiction has not been raised by either party, the court has an independent obligation to evaluate, sua sponte, its subject matter jurisdiction if it is in doubt. Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle, 429 U.S. 274, 278 (1977).

Plaintiff's complaint raises state law claims over which the court must have diversity jurisdiction pursuant to 28 U.S.C. § 1332. Plaintiff has not established diversity jurisdiction on the face of his complaint. He asserts he is a citizen of the state of Maryland, which is where he was incarcerated at the time he filed suit. But there is a rebuttable presumption that a prisoner remains a citizen of the state where he was domiciled before his incarceration, even if he subsequently is incarcerated in a different state. Hall v. Curran, 599 F.3d 70, 72 (1st Cir. 2010); accord Goad v. Gray, 3:10cv326, 2010 WL 4735816, at *3 (E.D. Va. Nov. 15, 2010). The court has no information as to where defendant was domiciled prior to his incarceration. Likewise, the court has no information regarding the domicile of defendant McBride who, according to defendant, was a "Quality Control Personnel" at the Winchester, Virginia Home Depot store. The fact that McBride was personally served with process at the Winchester, Virginia Home Depot store suggests to the court that he could be a citizen of Virginia. Defendant Home Depot is a Delaware corporation with its principal place of business in Georgia. Without information concerning the pre-incarceration domicile of Snyder and the current domicile of McBride, it is unclear whether there is complete diversity here.

1296, 1299 (4th Cir. 1983) (citing Ragan v. Merchants Transfer & Warehouse Co., 337 U.S. 530 (1949)).  Under Virginia law, a cause of action for assault accrues when the alleged assault occurs, and there is a two year statute of limitations period.  Va. Code Ann. § 8.01-230, -243.  The limitations period for a defamation claim is one year, which begins to run when the alleged defamatory statement is made.  See Va. Code Ann. §§ 8.01-230, -247.1; see also Brown, 704 F.2d at 1300.  Plaintiff alleges that McBride assaulted him and made defamatory statements on December 6, 2008.  He did not file suit until June 27, 2011, well outside of the limitations period for both claims.

The reasons Snyder provides for not filing suit until June 2011 are inapposite.  Plaintiff's incarceration does not toll the statute of limitations.  Almond v. Kent, 459 F.2d 200, 203 (4th Cir. 1972) ("Virginia statute of limitations is not tolled during the period of incarceration"); Hughley v. Basham, No. 2:03cv85, 2003 WL 24101521, at *4 (E.D. Va. Aug. 1, 2003) ("the Court believes that Virginia courts would agree that incarceration does not equal incapacity for tolling purposes").  Snyder also suggests that his efforts to file suit were thwarted by the Winchester Circuit Court and the Police Department of Winchester City.  Even if this were true, it would not toll the statute of limitations.  "As a general rule, '[s]tatutes of limitations are strictly enforced and exceptions thereto are narrowly construed.  Consequently, a statute should be applied unless the General Assembly clearly creates an exception, and any doubt must be resolved in favor of the enforcement of the statute.'"  Finnerty v. Thornton Hall, Inc., 42 Va. App. 628, 640, 593 S.E.2d 568, 574 (2004) (quoting Arrington v. Peoples Sec. Life Ins., 250 Va. 52, 55, 458 S.E.2d 289, 290-91 (1995)).  The relevant exception created by the General Assembly applies when a *defendant* obstructs, directly or indirectly, the filing of an action. Va. Code Ann. § 8.01-229(D).  Snyder makes no such allegation here.

Moreover, Snyder has not offered any evidence to support his assertion that his efforts to file suit were thwarted by the circuit court and the police department. Snyder attached to his motion pages 13 and 14 of what appears to be a police report. This report documents an interview of Snyder concerning larcenies at Home Depot stores in Leesburg and Winchester, Virginia, for which Snyder was under investigation. Page 14 of this document does indicate Snyder claimed to have been "jumped" by "some guy" at the Home Depot store who "kept saying he was stealing stuff," and that Snyder said he fought with the guy and managed to get away but injured his knee. (Dkt. #18, Ex. 1 at 1.) Contrary to Snyder's representations, however, the document does not say anything about Snyder's intentions of filing suit against the defendants.[3] Snyder also provided the court with a letter dated May 23, 2011 from a deputy clerk for the Circuit Court for the City of Winchester, written in response to Snyder's request for paperwork to file a civil lawsuit. The letter states the Winchester Circuit Court has no such paperwork and recommends Snyder seek assistance from an attorney. (Dkt. #18, Ex. 1 at 3.) The letter is dated May 23, 2011 and in no way suggests that Snyder attempted to file suit in any court in a timely manner.

Plaintiff has failed to establish grounds for reconsideration of the court's ruling pursuant to Rule 59(e). As such, plaintiff's Motion for Extension of Time to File an Appeal, which has been construed by the court as a motion to alter judgment (Dkt. #18), is **DENIED**. If plaintiff wishes to appeal the court's ruling, he may do so by filing a notice of appeal with the district court within thirty (30) days of entry of the accompanying Order, pursuant to Rule 4 of the Rules of Appellate Procedure.

---

[3] The court notes that a few lines of this document have been redacted and are illegible.

6

The Clerk is directed to send a copy of this Memorandum Opinion and accompanying Order to the plaintiff and to counsel of record.

         Entered:  October 14, 2011

         */s/ Michael F. Urbanski*

         Michael F. Urbanski
         United States District Judge